OPINION
This matter is before the court on a reopened appeal that we granted on January 13, 2000. The following facts give rise to this appeal. On May 22, 1997, the Licking County Grand Jury indicted appellant on one count of rape. On May 27, 1997, appellant entered pleas of not guilty and not guilty by reason of insanity. Following the evaluation, the trial court ordered appellant to submit to a competency evaluation on June 12, 1997. The trial court accepted the findings of NetCare, the evaluating agency, and found appellant competent to stand trial on July 8, 1997. On July 9, 1997, appellant filed a motion to suppress the statement he made to the investigating officers. Following a hearing, the trial court overruled appellant's motion to suppress on August 27, 1997. Thereafter, the State of Ohio, on November 14, 1997, moved to dismiss the charge against appellant, without prejudice. The trial court granted the state's motion. On May 8, 1998, the State of Ohio re-indicted appellant for one count of rape. Between the time of the dismissal and appellant's subsequent re-indictment, the State of Ohio indicted, tried and convicted appellant of perjury in connection with his testimony presented at the suppression hearing. This matter eventually proceeded to trial on December 29, 1998. Prior to the commencement of trial, defense counsel moved the trial court, in writing and orally, for a second mental evaluation of appellant's competency to stand trial. After considering defense counsel's request and questioning appellant, the trial court denied the motion. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court proceeded to sentence appellant to a prison term of five years. On January 12, 1999, appellant filed a notice of appeal. On September 2, 1999, we affirmed appellant's conviction. On November 29, 1999, appellant filed a pro se motion to reopen his appeal on the basis that he received ineffective assistance of appellate counsel. We granted appellant's motion on January 13, 2000. Appellant raises the following assignment of error in his reopened appeal:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS HIS ALLEGED STATEMENT.
 I
In his sole assignment of error, appellant contends the trial court erred when it denied his motion to suppress. We will not address the merit of this assignment of error because it does not raise an issue that we are permitted to consider under App.R. 26(B). Pursuant to App.R. 26(B)(7), if an application for reopening is granted, "[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." Appellant does not argue, in his sole assignment of error, that he received ineffective assistance of appellate counsel. Instead, appellant merely claims that the trial court erred in denying his motion to suppress. Thus, we will not address the assignment of error because it is not properly before us in accordance with App.R. 26(B). Appellant's sole assignment of error is overruled. For the foregoing reasons, pursuant to App.R. 26(B)(9), we confirm the prior decision of this court.
Wise, J. Gwin, P.J., and Farmer, J., concur.